UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRIAN O.,[1] | Case No.: 22cv1652-LR |
|---|---|
| Plaintiff, | **ORDER REQUIRING SUPPLEMENTAL BRIEFING REGARDING JOINT MOTION FOR ATTORNEY FEES** |
| v. | |
| MARTIN O'MALLEY, Commissioner of Social Security | |
| Defendant. | **[ECF No. 20]** |

Presently before the Court is the parties' joint motion for the award and payment of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 20.) The parties jointly request that the Court award Plaintiff Brian O. attorney fees in the amount of $5,435.11 pursuant to the EAJA. (See id. at 1.)

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees

---

[1] In the interest of privacy, this Order uses only the first name and initial of the last name of the non-government party or parties in this case. See S.D. Cal. Civ. R. 7.1(e)(6)(b).

and costs are reasonable." Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005).  In assessing the third factor—whether the requested fees are reasonable—the Court looks to whether the hourly rates and number of hours billed are reasonable.  See, e.g., Beatriz B. v. Saul, Case No.: 3:19-cv-785-AHG, 2020 WL 5203371, at *2-3 (S.D. Cal. Sept. 1, 2020) (noting that attorney fees are awarded based on prevailing market rates for the kind and quality of the services provided).

The parties here have not included a billing statement with their joint motion, or any information regarding the number of hours billed, and at what rates.  Because this information is needed to assess the reasonableness of the requested fees, the Court **ORDERS** the parties to submit a joint supplemental brief to include the names, qualifications, experience, and hourly billing rates of all attorneys and paralegals who worked on this case on Plaintiff's behalf.  The parties shall also attach Plaintiff's billing statement as an exhibit, which should include dates, time spent, attorney or paralegal designation, descriptions of actions, and totals.  The joint supplemental brief shall be submitted no later than **July 5, 2024**.

Additionally, the parties request that if Plaintiff does not owe a federal debt making the fees subject to any offset, payment of EAJA fees be made "directly to Plaintiff's counsel, William M. Kuntz, Esq., pursuant to the assignment executed by Plaintiff."  (ECF No. 20 at 2.)  Courts have generally allowed fee awards under the EAJA to be paid directly to a plaintiff's attorney where there is a valid assignment agreement and the plaintiff does not owe a debt to the government.  See, e.g., Darren C. v. Kilolo Kijakazi, Case No.: 3:21-cv-01012-AHG, 2022 WL 17744073, at *1 (S.D. Cal. Dec. 15, 2022) (noting that a fee award may be paid to directly to an attorney when a valid assignment agreement is in place, subject "to any administrative offset due to outstanding federal debt.").  The parties here, however, have not included the relevant assignment agreement with their joint motion, and the Court declines to order that the payment of fees and costs be made directly to Plaintiff's counsel without reviewing evidence of such an assignment agreement.  See, e.g., id. (declining to order that EAJA fees be paid to the

Plaintiff's counsel because the parties failed to produce evidence of an assignment agreement). Accordingly, the Court **ORDERS** the parties to provide evidence of the assignment agreement in the supplemental brief discussed above.

**IT IS SO ORDERED**

Dated:  June 25, 2024

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge