UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRIAN M. O.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant.

Case No.:  22cv1652-LR

**ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO
42 U.S.C. § 406(b)**

**[ECF NO. 25]**

Pending before the Court is Plaintiff's counsel's "Motion for Attorney Fees
Pursuant to 42 U.S.C. § 406(b) and/or 1383(d)(2)" ("Motion for Attorney's Fees").  (ECF
No. 25.)  For the reasons set forth below, the Court **GRANTS** the Motion for Attorney's
Fees.

/ / /

---

[1]  Pursuant to Civil Local Rule 7.1(e)(6)(b), the Court's opinions in Social Security cases filed under
42 U.S.C. § 405(g) "refer to any non-government parties by using only their first name and last initial."

1

# I. PROCEDURAL BACKGROUND

On October 25, 2022, Plaintiff filed a civil Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Defendant") denying Plaintiff's application for Social Security Disability Benefits. (ECF No. 1.)  The parties consented to this Court's jurisdiction on November 2, 2022. (ECF No. 5.)

On March 28, 2024, the Court issued an order finding that the ALJ erred in evaluating the medical opinion of Dr. Bradley Chesler, M.D.  (ECF No. 18 at 8–21.)  The Court reversed the final decision of the Commissioner and remanded the case for further administrative proceedings.  (Id. at 22–24.)

On June 10, 2024, the parties filed a "Joint Motion for Award of EAJA Fees," seeking $5,435.11 in attorney's fees.  (ECF No. 20.)  On August 12, 2024, the Court granted the motion and awarded $5,435.11 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 23.)

On October 2, 2025, Plaintiff was awarded $120,035.00 in retroactive Social Security benefits.  (ECF No. 25 at 21, Decl. William M. Kuntz ("Kuntz Decl."); see also ECF No. 25-5.)  On February 2, 2026, Plaintiff's counsel, William M. Kuntz, filed a Motion for Attorney's Fees seeking an attorney's fee award of $22,008.75 under 42 U.S.C. § 406(b) and/or 1383(d)(2), arguing that the fee is reasonable considering the nature of his representation and the results he achieved in this action.  (ECF No. 25 at 3–19.)  Plaintiff's counsel further seeks an order directing him to reimburse Plaintiff $5,435.11 for the previously awarded EAJA fees.  (Id. at 19–20.)

On February 3, 2026, the Court issued a briefing schedule setting March 2, 2026, as the deadline for Defendant and Plaintiff, to file their responses to Plaintiff's counsel's Motion for Attorney's Fees.  (ECF No. 26)  On February 4, 2026, Defendant filed a response to Plaintiff's counsel's motion, asserting that the Commissioner of Social Security has no direct financial stake in the request, and "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)."  (ECF No. 27 at 3.)  On

22cv1652-LR

February 5, 2026, Plaintiff notified the Court that he does not intend to file a reply to Plaintiff's counsel's Motion for Attorney's Fees.  (ECF No. 28.)

## II.  LEGAL STANDARD

Section 406(b) governs an attorney's right to recover fees in a case where a judgment was rendered in favor of a Social Security disability insurance claimant.  A district court may award "reasonable" attorney's fees, not to exceed twenty-five percent of the total past-due benefits awarded to the claimant.  See 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002).  The United States Supreme Court has explained that:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807 (internal citation and footnote omitted).

In cases in which a contingency fee agreement exists, a district court should first look to the agreement and then test it for reasonableness.  See id. at 808.  When evaluating the reasonableness of a fee request under 42 U.S.C. § 406(b), a district court should consider the character of the representation and the results achieved.  See id.; Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009).  District courts examine the following factors: (1) whether counsel's performance was substandard; (2) whether counsel engaged in dilatory conduct; and (3) whether the requested fees are excessively large in relation to the benefits achieved, i.e., whether the attorney enjoyed a "windfall." Crawford, 586 F.3d at 1151–52.

The attorney's fee award under 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits awarded.  Gisbrecht, 535 U.S. at 802.  The EAJA also permits an

22cv1652-LR

attorney to receive fees for a successful Social Security representation.  See Parrish v. Comm'r Soc. Sec. Admin., 698 F.3d 1215, 1216–17 (9th Cir. 2012).  Fees awarded pursuant to the EAJA are paid by the government rather than the claimant.  Id. at 1218.  Attorneys are permitted to seek recovery under both 42 U.S.C. § 406(b) and EAJA, and to keep the larger fee, but they must refund the smaller fee to the claimant.  See Gisbrecht, 535 U.S. at 796; Parrish, 698 F.3d at 1218.

## III.  DISCUSSION

The contingency fee agreement between Plaintiff and his counsel, William M. Kuntz, PLC, provides that Plaintiff's counsel would be paid a maximum of twenty-five percent[2] of past-due benefits awarded to Plaintiff.  (See ECF No. 25-3 at 1–2.)  Accordingly, the contingency fee agreement is within the statutory ceiling.  See 42 U.S.C. § 406(b)(1)(A).  The Court therefore must analyze the character of the representation and the results achieved to determine the reasonableness of the fees Plaintiff's counsel is seeking.  See Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel prepared the briefing filed with this Court that resulted in the Court's decision reversing and remanding the case for further proceedings.  (See ECF Nos. 17 & 18.)  On remand, the Commissioner awarded Plaintiff $120,035.00 in past due benefits, and Plaintiff's counsel's representation therefore resulted in the sizeable award to Plaintiff that would not have been achieved with substandard performance by Plaintiff's counsel.  (See Kuntz Decl.; ECF No. 25-5.)  Plaintiff's counsel therefore did not render substandard representation.  See Crawford, 586 F.3d at 1151.  Additionally,

---

[2]  The cap set forth in 42 U.S.C. § 406(b)(1)(A) limiting attorney's fees to twenty-five percent of past-due benefits applies only to fees for representation before federal court, and not to aggregate fees awarded for representation before both the court and the agency.  Culbertson v. Berryhill, 586 U.S. 53, 54 (2019); see also Ricardo A. v. Saul, Case No.: 3:19-cv-00846-AHG, 2021 WL 718605, at *2 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he 25% cap set forth in Section 406(b)(1)(A) applies solely to attorney fees for representation in federal court.").

22cv1652-LR

the Court's review of the docket indicates that Plaintiff's counsel did not engage in dilatory conduct.  See id.; (see also Docket).

Further, the amount of time Plaintiff's counsel expended on this case is not out of proportion to the fee award.  See Crawford, 586 F.3d at 1151–52.  Twenty-five percent of $120,035.00, the amount the Commissioner awarded Plaintiff on remand, is $30,008.75.  Plaintiff's counsel seeks an attorney's fee award of $22,008.75, which represents 18.34 percent of the past due benefits awarded to Plaintiff.  (See ECF No. 25 at 3, 19–20.)  Plaintiff's counsel expended 22.25 hours of attorney time while representing Plaintiff.  (See ECF No. 25 at 3, 19, 21.)  When assessed against the proposed fee award, this amounts to an effective hourly rate of $989.16 for attorney work, which is within the range of rates courts in this district approved in similar cases, where the district court remanded the action to the Commissioner and the Commissioner awarded the claimant sizeable retroactive Social Security benefits.  See James T. v. Bisignano, Case No.: 3:22-CV-00694-SBC, 2026 WL 84411, at *2 (S.D. Cal. Jan. 12, 2026) (finding that an effective hourly rate of $1,566.61 reasonable; noting that "this rate falls within the range of hourly rates awarded in other Social Security cases"); Oscar J. v. Bisignano, Case No.: 20-cv-1432-AJB-BLM, 2025 WL 2431796, at *2 (S.D. Cal. Aug. 22, 2025) (approving an effective hourly rate of $1,224.37; noting that "[a]lthough [the] rate is on the higher end, it is within the range of hourly rates approved by other courts in the Ninth Circuit"); Eric P. v. Bisignano, Case No.: 23-cv-0870-AGS, 2025 WL 1880963, at *1 (S.D. Cal. July 8, 2025) (finding an effective hourly rate of $1,098.04 reasonable; noting that the rate "is not outside the norm of what this Court often approves"); Michelle H. v. Berryhill, Case No.: 18-CV-2328 JLS (RNB), 2022 WL 1138146, at *5 (S.D. Cal. Apr. 18, 2022) (approving an effective hourly rate of $907.76; noting that the rate "more adequately mirrors the risk and complexity of [p]laintiff's case and falls closer to the range of hourly rates anticipated by Crawford").

Notably, courts have recognized that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a

5

22cv1652-LR

reasonable contingency contract for which there runs a substantial risk of loss." Ayersman v. Berryhill, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021); see also Moreno v. Berryhill, Case No.: CV 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("Counsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed . . . the 25 percent statutory cap[.]").  In this case, Plaintiff's counsel assumed a substantial risk of nonpayment by agreeing to be paid on a contingency basis, and counsel's work ultimately resulted in a highly favorable outcome for Plaintiff.  Additionally, Plaintiff's counsel does not seek a fee that exceeds the twenty-five percent statutory cap ($22,008.75 based on the $120,035.00 judgment or 18.34 percent).  The Court also notes that despite being given an opportunity to do so, Plaintiff has not filed an opposition to Plaintiff's counsel's Motion for Attorney's Fees.  (See Docket; see also ECF No. 28.)

After an independent review, the Court concludes that the attorney's fees Plaintiff's counsel is seeking pursuant to 42 U.S.C. § 406(b) are reasonable.  See Crawford, 586 F.3d at 1145.  However, because Plaintiff was previously awarded $5,435.11 in fees pursuant to the EAJA, the award of § 406(b) fees must be offset in that amount.  See Gisbrecht, 535 U.S. at 796 (proving that an award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's Motion for Attorney's Fees [ECF No. 25].  The Court awards Plaintiff's counsel, William M. Kuntz, PLC, attorney's fees in the amount of $22,008.75.

///

///

///

///

///

22cv1652-LR

The Court further **ORDERS** Plaintiff's counsel, William M. Kuntz, PLC, to reimburse Plaintiff, Brian M. O., $5,435.11, the amount Plaintiff's counsel received under EAJA.

**IT IS SO ORDERED.**

Dated: March 5, 2026

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

22cv1652-LR